IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| FREDDIE L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | (Jury Trial Demanded) |
| ) | |
| THE TOWN OF ) | |
| MOORESVILLE, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). Plaintiff was subjected to race discrimination during his employment with Mooresville Police Department.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendant complained of herein which violate rights secured to the Plaintiff by Title VII.

1

## II. PARTIES

4. Plaintiff is an African-American male who is a citizen and resident of Norfolk, Virginia.

5. Defendant is a municipality under the laws of the State of North Carolina. Defendant operates the Mooresville Police Department.

## III. FACTS

6. Plaintiff is an African-American male who was hired by Defendant in July, 2013 as a recruiter/police officer. In that capacity, he performed law enforcement functions for the Town of Mooresville. He also was responsible for recruiting and assisting in the processing of applications for employment and promotions.

7. Plaintiff was subject to an investigation regarding policy violations of which he was not originally made aware.

8. Plaintiff later learned that he was accused of allowing information on an applicant to be viewed by others. However, as a recruiter, Plaintiff had an office. Plaintiff kept a log of applicants in that office.

9. Plaintiff was subject to an internal investigation and was recommended for termination. The termination was upheld on appeal, despite Plaintiff providing rebuttal evidence.

10. Plaintiff was questioned during the investigation about whether he had spoken with other African-American officers who were no longer employed at the Department. He was accused of lying about conversations with those other employees.

11. Plaintiff is aware that white employees who were not honest on their applications were hired and are still employed by the Department. Further, Plaintiff is aware that white employees who have spoken about investigations occurring at the Department are still employed.

2

## IV. CLAIMS FOR RELIEF

### Race Discrimination

12. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

13. Plaintiff was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was discharged for a policy violation which included honesty and discussions about an on-going investigation. Plaintiff is aware that the Department has hired white employees who falsified information on their applications. Those persons were still employed by the Department at the time of the Plaintiff's discharge.

14. Further, Plaintiff was questioned about his interactions with former African-American officers who had made claims of racial discrimination which led to an investigation of the Department. Plaintiff is aware that white officers who discussed investigations of the Department have not been terminated.

15. Defendant's actions violate Title VII of the Civil Rights Act of 1964 in that he was treated differently than similarly situated white employees.

16. As a result of Defendant's actions, Plaintiff has suffered economic and emotional damages.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about October 7, 2020, EEOC Charge 430-2021-00042. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights which he received on November 27 or 28, 2020. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Right to Sue letter, has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

18. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the race discrimination be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at their its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII;

c. Award Plaintiff make whole relief, and compensatory damages for pain and suffering and infliction of emotional distress;

d. Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

e. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 24th day of February, 2021.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff